UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,            :

   -v-                               :               <u>ORDER</u>

                                      :               24-CR-417 (LJL)

              Brian Hernandez       :

-------------------------------------------------------------X

Hon. Lewis J. Liman, District Judge:

At Mr. Hernandez's request, Aaron Mysliwiec, standby counsel has asked approval for the use of CJA funds to purchase a laptop for Mr. Hernandez who wishes to proceed *pro se* and review discovery materials the Government produces. Mr. Hernandez submits that he needs to have access to an electronic device under the terms ordered below in order to effectively represent himself at trial, and that a laptop would give him the means to draft his own legal work, have copies of trial exhibits, and have the ability to review ongoing productions of 3500 materials, as well as possessing a complete copy of the discovery material labeled "Disclosure Materials" that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Standby counsel will work with the Government to ensure that Mr. Hernandez does not have possession of materials labeled "Attorneys Possession Only" or "Attorneys Eyes Only," pursuant to the protective order in this case.

The application is granted as follows:

1

1. Standby counsel is authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives that may be required to provide the Defendant with access to any and all discovery he is permitted to have in his possession (collectively, the "Electronic Device") for purposes of the discovery review.  Counsel shall provide the electronic device to Data Mill, Inc., their staff shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the facility in which the given Defendant is lodged.  Data Mill shall load onto the Electronic Device such software as the Defendant will need to review and make notes on the discovery.  Data Mill shall set a password protected administrative account on the Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Either standby counsel or Data Mill shall provide the Electronic Device to the Government.  Each Electronic Device will be clearly marked with the name and ID number and Marshal's registration number of the defendant who has been assigned to receive that particular Electronic Device.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the Defendant with access to the discovery.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and video play on the Electronic Device) before sending it to the facility where the Defendant is housed.

---

[1] Standby counsel's Paralegal has consulted with Data Mill to determine the model of laptop computer that is acceptable to the facility where Mr. Hernandez is housed.

5. Within 15 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by each facility to receive the electronic device.  The designated Officer shall keep the Electronic Device and charging wire in their office.

6. The Defendant can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in the Defendant's unit or a location where to the extent possible Defendant is not in the presence of any other inmates. Because of the volume of discovery, Defendant should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the facility in which the Defendant is lodged.

7. The Defendant is prohibited from copying any information from the discovery, but he is permitted create electronic work product on the laptop that includes information from the discovery.

8. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

9. The Defendant is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only the Defendant (and his standby counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

10. This Court will revisit this Order and the Defendant's access to the Electronic Device if it appears that any Defendant is not abiding by this Order.

11. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the Defendant in the district court, whether through dismissal of the charges against the Defendant or the sentencing of the Defendant, the  Institution in which the Defendant is lodged shall return the Electronic Device to his standby counsel, who will promptly provide it to Data Mill as the custodian for the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated:  January 20, 2026
        New York, New York

SO ORDERED

_____

United States District Judge

4